```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**ERNEST MONTGOMERY**                                              **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 5:11-cv-00004-DCB-JMR**

**WARREN COUNTY, DEPUTIES BILLY HIGGINS,**
**MICHAEL HOLLINGSWORTH AND CHRIS SATCHER,**
**IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES**           **DEFENDANTS**

<u>ORDER</u>

Before the court is Plaintiff's Motion for Reconsideration [**docket no. 68**] of the July 17, 2013 Memorandum Opinion and Order granting summary judgment to Defendants Heggins and Hollingsworth. Having carefully considered the motion, defendants' opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the court finds that the motion should be denied.

The plaintiff advances two primary arguments in his motion. First, he highlights what he perceives to be inconsistencies in the testimony given by Hollingsworth and Heggins. Specifically, the plaintiff points to the fact that Hollingsworth claims that he was "on [the plaintiff's] back" when Heggins caught up with them, but Heggins stated that he did not remember that Hollingsworth was on the plaintiff's back. Further, the plaintiff notes that Heggins testified that he did not recall Hollingsworth asking him to tase the plaintiff, but Hollingsworth stated that he asked Heggins to tase the plaintiff. Second, the plaintiff argues that his medical records, which he did not rely upon in opposition to the summary

judgment motion, are consistent with his testimony that he was beaten by the deputies.

As a preliminary matter, the plaintiff's motion, which is a Rule 59(e) motion because it was filed less than twenty-eight (28) days after the court's ruling, see, e.g., Bush v. Pearson, 2011 WL 2844192, at *1 (July 14, 2011), is not appropriate for rehashing old arguments or raising new, previously-known evidence. Williamson Pounders Architects, P.C. v. Tunica Co., 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). The plaintiff's first argument falls into the former category and his second argument falls into the latter. The court, however, will briefly address the merits of the plaintiff's arguments insofar as the plaintiff's basis for the motion is that the court committed clear error by granting summary judgment. See id.

When the court granted summary judgment, it was aware of, but did not directly address, the plaintiff's belief that the testimony of the two deputies was contradictory. The court did not view the testimony as such. Whether or not Hollingsworth was on the plaintiff's back at the exact time Heggins tased him is immaterial; what matters is that Hollingsworth was struggling with the plaintiff, and when Heggins arrived, he found it necessary to tase the plaintiff-perhaps on his own initiative if he did not hear Hollingsworth ask him to tase the plaintiff. More to the point, even if the testimony is slightly discrepant, the fact remains that

nothing in the record suggests that the defendants used unreasonable force to subdue the plaintiff, who was actively resisting arrest at the time he was tased.

Turning to the newly-produced evidence, the plaintiff's hospital records add little to what has already been considered. The hospital records do indicate, presumably based on the information the plaintiff provided to the physician, that the plaintiff "sustained [a] laceration after being struck with a blunt object." They also indicate that the plaintiff stated that his symptoms were "mild" and that the pain associated with his injuries was a "[three] on a one-to-ten scale with ten as the worst pain ever." Taking the fact that the plaintiff was "struck with a blunt object" as true—a fact accounted for in the court's summary judgment opinion—there remains no indication that the plaintiff was *unreasonably* injured by the deputies, which is the conclusion the court reached at the summary judgment stage.[1] The court does not doubt that the plaintiff was struck by something during the arrest, causing a laceration. What the court concluded is that there is no genuine dispute of material fact as to whether this "striking" was

---

[1] The plaintiff reads too much into the court's use of the word "fighting" in its previous opinion. Fighting has a broad range of meanings, and this court used the term to describe the plaintiff's struggle and attempted flight in the face of arrest, which undoubtedly entailed a physical struggle. The court in no way meant to suggest that the plaintiff was attempting to hit or punch the defendants to harm them. The defendants never suggested that he did. Instead, their use of force was related to his resistance to their attempt to arrest him.

unreasonable. Regardless of the plaintiff's post hoc interpretation of events, and in spite of his failure to initially brief this issue, he has still produced no evidence to create a genuine dispute of material fact as to the unreasonableness of the deputies' use of force.[2] See Bush v. Strain, 513 F.3d 492, 502 (5th Cir. 2008) (instructing the court to take an "on-scene perspective" rather than rely on the "20/20 vision of hindsight").

Finally, in the July 17, 2013 Memorandum Opinion and Order, the court, acting pursuant to Rule 56(f), informed the plaintiff that it was inclined to grant summary judgment in favor of the remaining defendant, Warren County, and provided him fourteen (14) days to show cause why it should not do so. The plaintiff has not responded or otherwise alleged any viable theory of liability against Warren County. Nor has it produced evidence of such. Therefore, the court will grant summary judgment in favor of Warren County and will forthwith enter a final judgment dismissing all defendants from this suit.[3]

Accordingly,

---

[2] The plaintiff relies heavily on Bush v. Strain, 513 F.3d 492 (5th Cir. 2008), in his motion for reconsideration. Unlike Bush, however, the plaintiff has not created a genuine issue of material fact because he has not produced any evidence demonstrating he "was not resisting arrest or attempting to flee" when the deputies caused his injuries. See Bush, 513 F.3d at 502 (finding this fact critical to the district court's determination of the defendant's Heck claim and his qualified immunity claim).

[3] The Court notes that Defendant Satcher has already been dismissed from this suit by Agreed Order.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [**docket no. 68**] is **DENIED.**

So **ORDERED,** this the 15th day of August, 2013.

                                         /s/ David Bramlette
                                         **UNITED STATES DISTRICT JUDGE**